THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WOODROW WILSON, Defendant-Appellant.

First District (5th Division)   No. 62295

Opinion filed August 13, 1976.

James J. Doherty, Public Defender, of Chicago (Judith A. Stewart, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (William Stacy and Timothy Quinn, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE LORENZ delivered the opinion of the court:

Defendant appeals from an order for his treatment and hospitalization by the Department of Mental Health. He contends (1) the petition for hospitalization on an emergency basis and the accompanying doctors'

certificates failed to allege sufficient facts for his involuntary admission, and (2) a need for treatment was not shown by clear and convincing evidence.

On March 5, 1975, defendant's mother, Edna Wilson, filed a Petition for Hospitalization on an emergency basis against defendant. The petition alleged that on March 5, 1975, Edna and Armeania Wilson witnessed defendant acting in a "violent, destructive, uncontrollable, and bizarre manner" at 8006 South St. Lawrence.

The petition was accompanied by a Certificate of Need for Hospitalization by a Doctor Barrera. He stated that defendant was in need of mental treatment on an emergency basis because defendant had been "violent, destructive, uncontrollable, bizarre" at 8006 South St. Lawrence for the week preceding March 5. Edna Wilson and an Officer Cappeto were listed as witnesses to these acts.

A second Certificate of Need for Hospitalization was filed by Doctor Zita Lezeau based upon her personal examination of defendant on March 10. She based her conclusions upon an "interview, previous history and petition for hospitalization." She listed the Tinley Park Mental Health Center and Edna Wilson's home as the sites of the acts and the Center's staff and Edna Wilson as the witnesses to the acts.

Defendant moved to dismiss the petition at the outset of the hearing on the grounds that Doctor Barrera's certificate was incomplete because it repeated the acts alleged in the petition and Doctor Lezeau's certificate was legally insufficient. After commenting on the vagueness of the certificates and allowing the State to amend certain portions of Doctor Lezeau's certificate, the trial court found the documents to be descriptive and sufficient. The court cited *People v. Gerich*, 22 Ill. App. 3d 575, 317 N.E.2d 724, for the propriety of incorporating the petition into the certificate, and denied the motion.

The following pertinent evidence was adduced at the hearing on the petition.

*For the State*

*Edna Wilson*

She is defendant's mother. Defendant had been in a mental hospital approxmiately ten times in the past four years, and had been released from the Tinley Park Mental Health Center one year ago. He was currently on welfare and was staying at her home "against her will." She admitted that defendant occasionally lived with his father.

Defendant had received some treatment at an out-patient clinic, but he would not take his medication. He admitted starting a fire in her basement and killing her cat. He had also blinded her dog with acid. Whenever she attempted to call the police, he would threaten her.

### Armeania Wilson

She is defendant's sister. Defendant said that the rats were eating his brains and that he heard voices inside his head. The night before he was taken away he had been beating the walls and tearing things up. He had been trying to burn a bug when he started the basement fire. He had never threatened her.

### Doctor Zita Lezeau

She had been a psychiatrist at the Tinley Park Mental Health Center since 1969 and was practicing under a State permit. She had examined defendant for 25-30 minutes. During the interview, he was dirty and his pants were open. He displayed poor judgment, had no concept of what belonged to him, and smiled at inappropriate times. He had not completed his prior treatment and would not accept out-patient treatment. She admitted that defendant was more polite and less mean than he had been during his last treatment. He was not "stabilized" enough to live independently. He is suffering from the mental illness of schizophrenia. His acts were possibly due to his illness. He was unable to care for himself and could harm others if he did not receive treatment.

### Doctor Hasan Akdemir

He had been a physiologist at Tinley Park since 1970. He observed defendant and found him to be oriented and cooperative, neither hostile nor delusional, but very depassive and denying. Defendant denied that anything had occurred between him and his family. Defendant was suffering from chronic schizophrenia and had no feelings nor responsibility for his actions. Defendant could harm others. Defendant required a long period of treatment.

### For defendant

### Woodrow Wilson, Jr., on his own behalf

Although he stated he was living with his father, he had been in his mother's basement waiting for some mail order suits and a check to arrive. Public Aid had a job waiting for him and he was moving into a new apartment. He denied stopping his medication and needing treatment. He did not leave the hospital before he was discharged.

OPINION

■■ Defendant initially contends the petition for hospitalization on an emergency basis and the accompanying doctors' certificates failed to allege sufficient facts for his involuntary admission. Section 7—1 of the Mental Health Code provides for the immediate hospitalization on an emergency basis of any person in need of mental treatment for the protection of that person or others upon presentation by another person

of a petition "stating the reasons for such conclusion * * * and the names of the witnesses by which the facts asserted may be proved." (Ill. Rev. Stat. 1975, ch. 91½, par. 7—1.) A physician's certificate must also accompany the petition and must state the "reasons for such conclusion" that the person is in need of hospitalization. (Ill. Rev. Stat. 1975, ch. 91½, par. 7—1.) The statute clearly requires *reasons* for the conclusion that a person is in need of treatment and the names of *witnesses* who can supply a factual background. The statute does not require that the facts be produced at the outset in the preliminary moving papers. See *People v. Ralls*, 23 Ill. App. 3d 96, 318 N.E.2d 703.

Defendant has not argued that he was unaware of why he was being involuntarily admitted nor that the petition and certificates provided no notice of the basis for his emergency admission. To the contrary, the petition and certificates named three individual witnesses and a health center staff team who could provide the bases for the doctors' and petitioner's reasons.

While the reasons presented may be descriptively vague, they do name given locations, dates and witnesses. When viewed in their entirety we believe that the instant petition and certificates provided an adequate basis for an emergency admission and further supplied defendant with notice of the reasons for his commitment. *People v. Gerich*, 22 Ill. App. 3d 575, 317 N.E.2d 724.

■■ Defendant also contends that the State failed to prove by clear and convincing evidence that he was suffering from a mental disorder resulting in a reasonable expectation that he would intentionally or unintentionally injure himself or others, or be unable to care for his own physical needs and protection. (Ill. Rev. Stat. 1975, ch. 91½, par. 1—11.) To the contrary, we believe that the testimony of Doctors Lezeau and Akdemir evidenced defendant's mental illness and the testimony of defendant's mother and sister clearly established that he was a danger to himself and others. Both professional personnel observed defendant and arrived at the conclusion that he was a chronic schizophrenic. Both doctors substantially concluded that defendant would harm others and would be unable to care for himself if not properly treated. Defendant's actions, such as starting fires in his mother's home, blinding a dog with acid, killing a cat, and threatening his mother, indicate that he had the potential to harm himself or others. Consequently, we reject defendant's contention that he was not proved to be in need of mental treatment by clear and convincing evidence.

For these reasons, we affirm the judgment of the circuit court.

Affirm.

SULLIVAN and BARRETT, JJ., concur.